```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA      : | |
|     Plaintiff                          : | |
|                                                : | |
|         v.                               : | CRIMINAL NO. 1:CR-94-071-02 |
| BALDWIN N. FOSTER,             : | |
|     Defendant                          : | |

*M E M O R A N D U M*

I.   *Introduction*.

On July 27, 2006, Defendant, Baldwin N. Foster, a citizen and resident of Jamaica, filed a pro se motion for coram nobis relief, seeking to vacate his July 1994 conviction for distribution of crack cocaine.  Defendant has already served his sentence and, according to the motion, was deported to Jamaica in June 2000.  Nonetheless, Defendant pursues this motion, arguing that his removal from the United States is a continuing collateral consequence that permits him to litigate the validity of his conviction by seeking a writ of coram nobis.[1]

---

[1] As further justification for the motion, Defendant also asserts he is suffering a "civil disability" because his wife has decided not to move to Jamaica and is in the process of divorcing him. (Doc. 204, coram nobis motion, p. 17).  He also complains about losing contact with his stepson, who has gone down the road of crime in Defendant's "absence." (*Id.*, p. 18).

We will deny the motion because Defendant failed to raise the claims presented here during proceedings in this court, on direct appeal or in the motion he filed under 28 U.S.C. § 2255.

II.   *Background.*

In April 1994, Defendant and two co-defendants were named in a four-count indictment.  The defendant was charged: (1) in Count I with conspiracy to distribute and possess with intent to distribute "a mixture or substance containing cocaine base, known as 'crack' cocaine"; and (2) in Count III with distributing and possessing with the intent to distribute "50 grams or more of a mixture or substance containing cocaine base, known as 'crack' cocaine."

In July 1994, under a written plea agreement, he pled guilty to count III.  In October 1994, he filed a motion to withdraw the plea.  As part of this motion, he sought a psychiatric evaluation on the basis that his extensive use of crack cocaine caused him to suffer auditory and visual hallucinations.  In February 1995, a hearing was held on the motion.  It was decided that Defendant would be given a psychiatric examination.

Two psychologists working for the Bureau of Prisons concluded that the defendant was feigning mental illness and that he was competent to stand trial, to enter into a plea agreement

2

and to participate in sentencing proceedings.  In light of the report, we scheduled a hearing on the motion to withdraw the plea or to sentence Defendant, depending on whether Defendant wanted to pursue his motion.

The hearing was held on June 30, 1995.  Defendant stated that he wanted to withdraw his motion to withdraw his guilty plea and that he would "continue" with the plea of guilty that he had "initially" entered.  (Doc. 110, sentencing transcript, p. 4). During the sentencing hearing, defense counsel argued for either probation or a downward departure because Defendant was "subject to an NIS (sic) detainer that will be filed against him" and that the "taxpayer" should not "have to pay for incarcerating him for any long period of time if in fact he may wind up being deported." (*Id.*, p. 9).  In rejecting the argument, the court commented that it did not "make sense to pay to keep people in jail for years if they are going to be deported as soon as they are released," (*id.*, p. 12), but that it was a common situation.  The court sentenced defendant to 36 months' imprisonment (*id.*, p. 13-14) and also orally pronounced that if Defendant were deported, he shall remain outside the United States and that supervised release would be on a non-reporting basis.  (*Id.*, p. 15).  The judgment of sentence also provided that "[i]f order[ed] deported, the defendant shall remain outside the United States and supervision will be on a non-reporting basis."  (Doc. 105, p. 3).

Defendant took a direct appeal which the Third Circuit denied in an unpublished judgment order. *See United States v. Foster*, No. 95-7363 (3d Cir. Mar. 22, 1996). In July 1996, Defendant filed a motion under 28 U.S.C. § 2255.[2] In August 1996, we denied the motion and were affirmed on appeal. *See Foster v. United States,* No. 96-7618 (3d Cir. April 1, 1997). In January 1998, Defendant filed a petition under 28 U.S.C. § 2241 which we dismissed because his remedy under section 2255 was not inadequate or ineffective. In September 1998, the Third Circuit denied approval to file a second 2255 motion. *See In re Foster*, No. 98-8140 (3d Cir. Sept. 16, 1998). In November 1998, Defendant filed a motion for audita querela relief setting forth grounds

---

[2] The motion made the following claims: (1) at sentencing, the government failed to prove that he had distributed "crack" cocaine rather than just "cocaine," the powder form of the drug, and thus the greater sentence he received for distributing crack cocaine was improper; and (2) under the rule of lenity the defendant should have been sentenced without an enhancement for crack cocaine since crack cocaine is chemically the same as powder cocaine for which a lesser penalty is provided. The motion also asserted that defense counsel was ineffective because he did not: (1) recognize that "crack" cocaine was chemically the same as "cocaine"; (2) obtain an independent psychiatric examination that would have revealed the defendant had a severe mental illness resulting from drug use that impaired his defense; (3) introduce a letter from a codefendant that would have exonerated the defendant; (4) argue that the defendant was entitled as a victim to a downward departure under the sentencing guidelines; and (5) appeal on the basis of the issues presented in Defendant's memorandum in support of his 2255 motion. Finally, the motion argued that the sentence was illegal because we could have made a downward departure under 18 U.S.C. §§ 3553(b) and 3553(f).

4

challenging his conviction almost identical to those presented in the instant coram nobis motion, which are listed below. In December 1998, we denied relief because an audita querela motion could not substitute for a 2255 motion.

Defendant then filed the instant coram nobis motion.[3] The motion makes the following claims. First, the court violated Defendant's right to due process by failing to advise him during his guilty-plea colloquy of the adverse immigration consequences of his guilty plea, i.e., that Defendant could be deported as a result of the plea. Second, the court violated Fed. R. Crim. P. 11 by not advising Defendant of the elements of the crime, the maximum and minimum sentence, and by allowing Defendant to accept a recommended sentence that was illegal. The court also misstated the maximum sentence as forty years when it was really thirty years. Third, the court failed to hold a hearing on Defendant's motion to remove his counsel.[4] Fourth, Defendant's counsel was ineffective. Fifth, the government breached the plea agreement by

---

[3] This procedural history is almost complete. We listed only the major motions.

[4] Defendant had two counsel appointed for him. His first counsel was allowed out of the case and second counsel was appointed. The above claim refers to Defendant's attempt to remove second counsel. At the close of the sentencing hearing and after sentence had been imposed, defense counsel mentioned a letter requesting his withdrawal as counsel, and the court stated it would deny any motion for withdrawal. (Doc. 110, p. 16).

remaining silent at Defendant's sentencing rather than call attention to its motion to reduce sentence.  Sixth, Defendant's right to effective assistance of counsel on direct appeal was violated when counsel failed to perfect the appeal.  Seventh, the plea was involuntary because Defendant was on a potent hallucinogenic drug at the time and because his then-counsel told him his jury would be white, from the Klu Klux Klan and would find him guilty because he was black and from Jamaica.  Eighth, trial counsel was ineffective in not requesting a hearing on Defendant's motion to remove him as counsel.  Ninth, trial counsel was ineffective in not seeking an independent psychiatric examination of Defendant.  Tenth, trial counsel failed to investigate and prepare a defense when the only witnesses against Defendant were those who were naming him as a way of helping themselves.  Additionally, a codefendant had admitted in a letter that he had falsely testified against Defendant.

III.  *Discussion*.

A defendant in a criminal case may use coram nobis to challenge his conviction when: (1) he "has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255"; and (2) he is suffering "continuing consequences" from the conviction.  *United States v. Stoneman*, 870 F.3d 102, 105-06 (3d Cir. 1989).  Relief can be granted "to correct errors for which there was no

remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier." *Id.* at 106 (quoted case omitted). The Third Circuit has stated that the error must be one of fact or one that goes to the jurisdiction of the court. *Id.* However, it has also indicated that ineffective assistance of counsel could be sufficient error. *See Evola v. Attorney General*, 2006 WL 2087551 at *3 (3d Cir.)(nonprecedential)(quoting *United States v. Rad-O-Lite of Phila., Inc.*, 612 F.2d 740, 744 (3d Cir. 1979)).

Defendant is entitled to seek coram nobis relief. He is no longer in custody, having served his sentence. He is also suffering continuing consequences from the conviction, having been deported to Jamaica. *See United States v. Cariola*, 323 F.2d 180, 182 (3d Cir. 1963)(deportation is a continuing collateral consequence for a coram nobis motion); *United States v. Kwok Chee Kwan*, 407 F.3d 1005, 1014 (9th Cir. 2005).

However, one requirement for coram nobis relief is that Defendant show that he had reasonable grounds for not seeking relief earlier. *Stoneman, supra*, 870 F.2d at 106; *see also United States v. Osser*, 864 F.2d 1056, 1062 (3d Cir. 1988)(failure to raise issue on direct appeal militates against coram nobis relief); *United States v. Banks*, 165 Fed. Appx. 987, 988 (3d Cir. 2006)(nonprecedential)("As a threshold matter, Banks has not shown

7

that . . . sound reasons exist for failing to seek relief earlier."); *Mashni v. United States*, 2006 WL 208564 at *3 (D.N.J.)(coram nobis relief may be denied when the petitioner fails "to allege any reasons for failing to seek relief by way of direct appeal or by motion under § 2255"); *United States v. Rota*, 1998 WL 967509 at *2 (E.D. Pa.); *United States v. Fiola*, 1996 WL 694172 at *4, 5 (E.D. Pa.).

Here, Defendant could have raised his claims during proceedings in this court, on direct appeal or in the motion he filed under 28 U.S.C. § 2255. In this regard, we note that he was aware of the deportation consequences of his guilty plea at the time of sentencing because deportation was mentioned by his counsel in arguing for a lesser sentence and because the court mentioned it in imposing the terms of supervised release. This motion will therefore be denied.[5]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 8, 2006

---

[5] Defendant cited *United States v. Castro*, 26 F.3d 557 (5th Cir. 1994), in his support. *Castro* did not require that a coram nobis movant show reasonable grounds for not pursuing his claim earlier, *id.* at 559, but we must follow Third Circuit precedent.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA           :
    Plaintiff                      :
                                   :
                                   :
    v.                             :   CRIMINAL NO. 1:CR-94-071-02
                                   :
                                   :
BALDWIN N. FOSTER,                 :
    Defendant                      :

*O R D E R*

AND NOW, this 8th day of September, 2006, upon review of Defendant, Baldwin Foster's, coram nobis motion (doc. 204), it is ordered that the motion is denied.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge