```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|     Plaintiff | : | |
| | : | |
| | : | |
|     v. | : | CRIMINAL NO. 1:CR-94-071-02 |
| | : | |
| | : | |
| BALDWIN N. FOSTER, | : | |
|     Defendant | : | |

### M E M O R A N D U M

We are considering a document (doc. 214) Defendant Baldwin Foster has filed, which we treat as a timely motion to alter or amend our order of December 12, 2006, denying Defendant's motion for extension of time to file his appeal of our order of September 8, 2006.

On September 8, 2006, we denied Defendant's pro se petition for a writ of error coram nobis. The petition challenged Foster's 1994 conviction on crack-cocaine trafficking charges. Foster, a Jamaican citizen, was removed to Jamaica as a consequence of his conviction.

On November 16, 2006, Defendant filed an untimely notice of appeal of the September 8 order and a timely motion (doc. 209) for extension of time to file his appeal.[1] By order of November

---

[1] Defendant's motion for extension of time to appeal was filed within thirty days after the sixty-day period set forth in Fed. R. App. P. 4(a)(1)(B) for taking an appeal. Such a motion can be granted if the appellant shows excusable neglect or good

20, 2006, we required Defendant to show within fifteen days excusable neglect or good cause for not filing a timely notice of appeal.

Defendant did not file a response within that time frame, and on December 12, 2006, we denied his motion for extension of time. However, on the next day, December 13, 2006, Defendant did file a document (doc. 214), captioned as a motion, stating reasons why he was unable to file a timely notice of appeal. We decided to treat that document as a timely motion to alter or amend our order of December 12.

In that document, Defendant asserts that there is no home mail delivery where he resides in Jamaica and that on September 1, 2006, he sprained his ankle, rendering him unable to walk to the post office, two miles from his home, to check on his mail. Additionally, he had the flu throughout September and November, preventing him from checking on his mail until around November 5 and 6. When he did so, he filed his notice of appeal on November 7. (However, the notice of appeal was not actually filed until November 16, 2006.) Further, Defendant's mail had once been collected by a woman under false pretenses who Defendant did not know, and the postmistress decided not to give his mail to anyone except him.

---

cause. *See* Fed. R. App. P. 4(a)(5)(A)(i) and (ii).

2

As noted, Defendant's motion for extension of time to appeal could have been granted if Defendant had shown excusable neglect or good cause. Thus, in deciding whether to grant the motion to alter or amend, we will examine whether Defendant has made either one of those showings.

The case law has developed an equitable test for determining excusable neglect, which while looking to all the circumstances, concentrates on four factors: (1) "'the danger of prejudice'" to the adverse party; (2) "'the length of the delay and its potential impact on judicial proceedings'"; (3) "'the reason for the delay, including whether it was within the reasonable control of the movant'"; and (4) "'whether the movant acted in good faith.'" *George Harms Const. Co. v. Chao*, 371 F.3d 156, 163-64 (3d Cir. 2004)(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74, 89-90 (1993)). The test applies to motions under Fed. R. App. P. 4(a)(5). *In re Diet Drugs (Phentermine/ Fenfluramine/Dexfenflurammine) Products Liability Litigation*, 401 F.3d 143, 154 (3d Cir. 2005).

Here, the first two factors favor Defendant. There is no danger of prejudice to the government; we would merely be allowing Defendant to proceed with his appeal.[2] The length of the delay was

---

[2] In its response to doc. 214, the government only notes that it has no way of verifying the truth of Defendant's

3

short, only nine days past the deadline for filing the appeal, and there would be no adverse impact on judicial proceedings if we allowed the appeal. Further, on the fourth factor, we have no evidence of bad faith.

The only problematic factor is the third one, whether the delay was controlled by Defendant. It is difficult to believe that Defendant could not have gotten his mail either by himself or by someone else within the time required. However, no one factor is determinative, *see George Harms Const. Co., supra*, 371 F.3d at 164 ("the 'control' factor does not necessarily trump all the other relevant factors"), and the absence of prejudice to the government and the judicial process weighs "strongly in favor" of allowing the appeal. *Id.* (quoted case omitted).

We will therefore grant the motion to alter or amend and, consequently, the motion to extend the time for the appeal. Defendant has already filed a notice of appeal, so Defendant is advised that he does not have to file another notice. That notice will be considered timely filed.

---

statements concerning his inability to check his mail and contends that the statute of limitations bars Defendant's claims.

We will issue an appropriate order.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: February 2, 2007

```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA           :
       Plaintiff                  :
                                   :
                                   :
       v.                          :  CRIMINAL NO. 1:CR-94-071-02
                                   :
                                   :
BALDWIN N. FOSTER,                 :
       Defendant                  :

## O R D E R

And now, this 2nd day of February, 2007, it is ordered that:

    1. Defendant's "motion stating reason for failing to file a timely notice of appeal" (doc. 214), treated as a motion to alter or amend, is granted.

    2. The order of December 12, 2006, denying the motion for extension of time to appeal is vacated, and that motion (doc. 209) is granted.

    3. The notice of appeal, filed November 16, 2006, (doc. 206) shall be considered timely filed.

                                       /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge